## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

**ERIC SPEIRS,**
       **Plaintiff,**

**vs.**

**MERRICK GARLAND, as**
**Attorney General of the United States,**       **COMPLAINT**
**U.S. Department of Justice, Federal**
**Bureau of Prisons,**
       **Defendant.**
_____/

     Plaintiff, Eric Speirs ("SPEIRS"), by his undersigned counsel, and pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq,* ("Title VII"), the anti-retaliation provision thereto, 42 U.S.C. Section 2000e-3(a), and the Age Discrimination In Employment Act of 1967 ("ADEA"), 29 U.S.C. Section 623 (a)(1), hereby files this Complaint, against the Defendant, Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons, and in support hereof, the Plaintiff states as follows:

### I.
### INTRODUCTION

    (a) Plaintiff maintains that he was unlawfully discriminated against; based on his race, national origin, age and in addition, due to reprisal, because he was routinely passed over for overtime assignments; and in addition, he contends that based on these

1

impermissible reasons, and unlawful classifications, he was intentionally subjected to "scheduling conflicts," by management, which also improperly foreclosed him from obtaining overtime assignments;

(b) In addition, Plaintiff further alleges that he was subjected to impermissible age and national origin discrimination, based upon disparate treatment, resulting in a threat to his workplace safety, in that a co-worker outside of his protected class, was readily granted a "threat assessment" designation, but Plaintiff was not given this opportunity; and

(c) Finally, Plaintiff was denied basic prisoner training, based upon his prior protected activity, including the filing of a prior EEO Complaint, through a highly subjective internal process, which lends itself to and supports, an ultimate finding of workplace discrimination, based on a prohibited classification.

## II.
## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action, pursuant to 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1345.

2. Venue is proper in this judicial district, under 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1391 (b), because it is where a substantial part of the events, or omissions, giving rise to the causes of action, herein, occurred.

3. The Plaintiff brings this action for unlawful discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, as well as for a violation of the anti-retaliation provision thereto, 42 U.S.C. Section 2000e-3(a), and for a violation

2

of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. Section 623 (a)(1).

4. The Defendant Agency, is an, "employer," within the meaning of Title VII of the Civil Rights Act 1964, as amended, 42 U.S.C. Section 2000(e).

5. The Defendant Agency, is an, "employer," within the meaning of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. Section 623 (a)(1).

6. Plaintiff is within the purview of the applicable protections, with respect to the above pertinent statutes, and in short, Plaintiff is subject to their protections; and hence, he is entitled to the substantive legal protections of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq*., and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. Section 623 (a)(1).

7. Plaintiff has exhausted all applicable administrative remedies, with respect to the instant case, designated by Administrative Case Nos. EEOC Case No. 510-2018-00200X; and Agency Case No. BOP-2017-0041, in that on October 25, 2019, the Administrative Judge entered a Recommended Order, granting the Agency's Motion for Findings and Conclusions Without a Hearing.

8. Moreover, on December 6, 2019, the Agency issued its Final Agency Decision, adopting the Administrative Judge's Recommended Order.

9. On March 29, 2021, Plaintiff requested that the Equal Opportunity Commission, Office of Federal Operations reconsider its prior determination upholding the Agency's Final Decision.

10. On August 5, 2021, the Equal Opportunity Commission, Office of Federal Operations denied Plaintiff's Motion for Reconsideration, providing the Plaintiff with ninety (90) days in which to file suit in federal district court. [The Decision of the Equal Employment Opportunity Commission, Office of Federal Operations, dated August 5, 2021 and providing the ninety-day notice to file suit in federal district court is attached hereto, as **EXHIBIT A**.]

11. The Plaintiff has exhausted all applicable administrative remedies; through the administrative process, and he has satisfied all conditions precedent, prior to initiating this case in federal district court; and the instant law suit has been filed within ninety days of the determination of the Equal Opportunity Commission, Office of Federal Operations.

### III.
### PARTIES

12. Plaintiff, Eric Speirs ("SPEIRS"), at all material times herein, was and is, a Caucasian male, employed by the United States Department of Prisons, United States Bureau of Prisons, as a Senior Corrections Officer, within the Miami Federal Detention Facility, the Federal Correctional Institute ("FCI"), located in Miami, Miami-Dade County, Florida.

4

13. Defendant, Merrick Garland, as Attorney General of United States, U.S. Department of Justice, Federal Bureau of Prisons ("Agency") is the legal designated legal Agency head; and as such, in this role, he is responsible for the personnel policies and practices, as pronounced and implemented, with respect to Agency employees, including the Plaintiff, herein.

## IV.
## FACTUAL ALLEGATIONS

14. Plaintiff has been employed by the Agency, since May 23, 2010; and he has held the position of Senior Corrections Officer at the Federal Correctional Institution ("FCI"), located in Miami, Miami Dade County, Florida, since March of 2015.

15. Plaintiff is a Caucasian male and his date of birth is February 19, 1974; and during the filing of the EEO complaints which are the subject matter of this action, Plaintiff was over the age of forty years old, and hence, he was a member of the protected class, subject to the protections of the ADEA.

16. Plaintiff generally reports to numerous supervisory lieutenants; he may report to as many twelve to fourteen supervisory lieutenants, as his immediate supervisors at FCI Miami.

17. Plaintiff previously filed an EEO Complaint, not connected to the instant action, designated by Agency Case No. BOP-2015-02258, in September, 2015, less than six months prior to the adverse actions taken by the Agency in this case; and in addition, in the processing of the instant administrative EEO case, designated by Case Nos. 510-2018-00200X, and Agency Case No. BOP-2017-0041, responsible management

officials admitted that they were indeed aware of the prior EEO Complaint, during the processing of the later instant EEO Complaint, which is the subject matter of this judicial complaint.

18. Upon the filing of the prior EEO Complaint in 2015, designated by Agency Case No. BOP-2015-02258, Plaintiff maintains that he was repeatedly denied overtime assignments during calendar year 2016.

19. The FCI overtime roster program, is supposed to be governed by equitable distribution rules, in that overtime assignments, were to be rotated, so that those employees initially receiving overtime assignments, would then be rotated to the bottom of the list; and under the rotation assignment system, the next overtime assignment should be determined on the basis of an overtime employee/candidate's seniority.

20. However, this past practice of equitably distributing overtime assignments, was changed by the Agency, shortly after the Plaintiff filed his prior EEO Complaint, designated by EEO Complaint No. BOP-2015-02258.

21. Plaintiff's second level supervisor was Captain Deborah Colon ("COLON"), and on or about May of 2016, COLON intentionally "skipped" him for available overtime assignments, purportedly based on a "scheduling conflict," and that scheduling conflict was used as a justification, to deny Plaintiff overtime assignments.

22. Furthermore, Plaintiff was subjected to disparate treatment, based upon his age, in that, substantially younger, non-Caucasian employees, were treated more favorably, in that they were offered overtime assignments, irrespective of scheduling conflicts; for

example, co-workers Michael MacIntyre ("MacINTYRE"), Andrew Johnson ("JOHNSON") and David Paguaga, (PAGUAGA) were treated substantially more favorably, in the granting of overtime assignments, for no valid business reason or justification.

23. Co-workers, MacINTYRE, JOHNSON and PAGUAGA, are similarly situated to the Plaintiff, and they are properly characterized as "comparator" employees, for the purpose of disparate treatment analysis.

24. Co-workers, MacINTYRE and JOHNSON are black, and or of African American origin; PAGUAGA is of Hispanic origin; and JOHNSON and PAGUAGA are in their twenties, substantially younger than the Plaintiff.

25. Defendant has no reasonable business justification for subjecting Plaintiff to unlawful disparate treatment; and Defendant cannot meet its burden of persuasion in response to the Plaintiff's retaliation claim.

## COUNT I
## (VIOLATION OF TITLE VII, NATIONAL ORIGIN DISCRIMINATION)

26. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—25 of the Complaint, as if fully set forth herein.

27. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, prohibits an employer, from making employment decisions, or from taking personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin-based classifications, considerations or national origin-based reasons.

28. The Plaintiff is a Caucasian male and he possessed the requisite qualifications, education, abilities and skills to receive consistent and regular overtime assignments as a Senior Corrections Officer.

29. The Plaintiff was subjected to national origin-based discrimination in the workplace, in that similarly situated employees, were granted overtime assignments, to the Plaintiff's detriment, without any business reason and or justification.

30. Employees outside of the Plaintiff's protected class, was offered overtime assignments, irrespective of "scheduling conflicts."

31. The continued loss of overtime assignments to comparator employees, outside of the Plaintiff's protected class, constituted an adverse employment action; and this action substantially altered Plaintiff's status in the workplace, in that as a result of the disparate treatment, Plaintiff has suffered substantial monetary damages.

32. The Plaintiff was further subjected to unlawful national origin discrimination, in that similarly situated employees, outside of his protected class, were granted the opportunity to obtain a threat assessment, whereas, Plaintiff was denied this opportunity, based upon unlawful disparate treatment due to his age, the denial substantially changed Plaintiff's status in the workplace.

33. As a direct and proximate result of the Defendant's unlawful acts, in the implementation of unlawful disparate treatment, SPEIRS has suffered great and irreparable economic harm and other associated losses.

34. Due to the repeated unlawful and discriminatory conduct of the Defendant, SPEIRS has retained undersigned counsel; and Plaintiff is obligated to pay reasonable attorney's fees and costs.

   **WHEREFORE**, Plaintiff, ERIC SPEIRS, respectfully requests that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, and order the following relief:

   A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

   B) Award the Plaintiff his costs and a reasonable attorney's fee;

   C) Enjoin the Defendant from continuing its discriminatory practices; and

   D) Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT II
## (VIOLATION OF TITLE VII, RACE DISCRIMINATION)

35. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—25 of the Complaint, as if fully set forth herein.

36. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, prohibits an employer, from making employment decisions, or from taking personnel action, affecting the terms, conditions and privileges of one's employment, based upon race-based classifications, considerations or national origin-based reasons.

37. The Plaintiff is a Caucasian male and he possessed the requisite qualifications, education, abilities and skills to receive consistent and regular overtime assignments as a Senior Corrections Officer.

38. The Plaintiff was subjected to race-based discrimination in the workplace, in that similarly situated employees, were granted overtime assignments, to the Plaintiff's detriment, without any business reason and or justification.

39. Employees outside of the Plaintiff's protected class, was offered overtime assignments, irrespective of "scheduling conflicts."

40. The continued loss of overtime assignments to comparator employees, outside of the Plaintiff's protected class, constituted an adverse employment action; and this action substantially altered Plaintiff's status in the workplace, in that as a result of the disparate treatment, Plaintiff has suffered substantial monetary damages.

41. The Plaintiff was further subjected to unlawful national origin discrimination, in that similarly situated employees, outside of his protected class, were granted the opportunity to obtain a threat assessment, whereas, Plaintiff was denied this opportunity, based upon unlawful disparate treatment due to his age, the denial substantially changed Plaintiff's status in the workplace.

42. As a direct and proximate result of the Defendant's unlawful acts, in the implementation of unlawful disparate treatment, SPEIRS has suffered great and irreparable economic harm and other associated losses.

43. Due to the repeated unlawful and discriminatory conduct of the Defendant, SPEIRS has retained undersigned counsel; and Plaintiff is obligated to pay reasonable attorney's fees and costs.

   **WHEREFORE**, Plaintiff, ERIC SPEIRS, respectfully requests that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, and order the following relief:

   E) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

   F) Award the Plaintiff his costs and a reasonable attorney's fee;

   G) Enjoin the Defendant from continuing its discriminatory practices; and

   H) Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT III
## (AGE DISCRIMINATION, DISPARATE TREATMENT IN VIOLATION OF THE ADEA)

44. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—25 of the Complaint, as if fully set forth herein.

45. The ADEA makes it unlawful for employers and their agents, to subject older workers to discrimination based upon their ages, in the terms and conditions of their employment, see 29 U.S.C. Section 623 (a)(1).

46. As of the date of the filing of the administrative EEO complaint in this case, Plaintiff was over the age of forty, and he is subject to the protections of the ADEA.

11

47. The Plaintiff is over the age of forty, and he possessed the requisite qualifications, education, abilities and skills to receive consistent and regular overtime assignments, as a Senior Corrections Officer.

48. The Plaintiff was subjected to age-based discrimination in the workplace, in that similarly situated substantially younger employees, were granted overtime assignments, to the Plaintiff's detriment, without any business reason and or justification.

49. The Plaintiff was further subjected to unlawful age discrimination, in that substantially younger employees were granted the opportunity to obtain a threat assessment, whereas, Plaintiff was denied this opportunity, based upon unlawful disparate treatment due to his age, whereas, substantially changing his status as an employee in the workplace.

50. The continued loss of overtime assignments to comparator employees, outside of the Plaintiff's protected class, disparate treatment based upon age, constituted an adverse employment action; and this action substantially altered Plaintiff's status in the workplace, in that, as a result of the disparate treatment, Plaintiff has suffered substantial monetary and liquidated damages.

51. As a direct and proximate result of the Defendant's unlawful acts, in the implementation of unlawful disparate treatment based on age, SPEIRS has suffered great and irreparable economic harm and other associated losses.

12

52. Due to the repeated unlawful and discriminatory conduct of the Defendant, SPEIRS has retained undersigned counsel; and Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, ERIC SPEIRS, respectfully requests that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, and order the following relief:

   A) Award the Plaintiff actual damages, including appropriate amounts of back pay,

   B) Award the Plaintiff liquidated damages, based upon the implementation of disparate treatment, based on age discrimination;

   C) Award the Plaintiff his costs and a reasonable attorney's fee;

   D) Enjoin the Defendant from continuing its discriminatory practices; and

   E) Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT IV
### (VIOLATION OF THE ANTI-RETALAITION PROVISION OF TITLE VII)

53. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—25 of the Complaint, as if fully set forth herein.

54. Plaintiff previously filed an EEO Complaint, not connected to the instant action, designated by Agency Case No. BOP-2015-02258, in September, 2015.

55. In the processing of the instant administrative EEO case, designated by Case Nos. 510-2018-00200X, and Agency Case No. BOP-2017-0041, responsible management officials admitted that they were indeed aware of the prior EEO Complaint, during the processing of the later instant EEO Complaint, which is the subject matter of this judicial complaint.

56. The anti-retaliation provision of Title VII of the Civil Rights Act of 1964, Section 704 (a), 42 U.S.C. Section 2000e-3(a); prohibits the taking of an adverse action, based upon the employee's prior protected activity; and this pertinent provision states as follows:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he [the] employee has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

57. As a direct and proximate result of Plaintiff's prior filing of an EEO Complaint, Defendant changed the equitable rotation system for the distribution of overtime assignments.

58. Moreover, as a direct and proximate result of the filing of Plaintiff's prior EEO Complaint, Plaintiff was subjected to the following adverse employment actions:

(a) Denying Plaintiff rotational overtime assignments, to which he was entitled to receive, as a Senior Corrections Officer, at FCI Miami, pursuant to the prior Agency policy;

(b) Intentionally skipping the Plaintiff's rotational overtime assignment, thereby denying him overtime assignments, based on his prior protected activity; and

(c)  Plaintiff was denied essential basic prisoner training, on or about May 1, 2016, which also substantially changed his status, as an employee in the workplace, thereby impacting his ability to advance within the Agency workforce.

59. As a direct and proximate result of the Defendant's unlawful acts, in the implementation of the aforementioned acts of retaliation, SPEIRS has suffered great and irreparable economic harm and other associated losses.

60. Due to the repeated unlawful and retaliatory conduct of the Defendant, SPEIRS has retained undersigned counsel; and Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, ERIC SPEIRS, respectfully requests that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, and order the following relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

B) Award the Plaintiff his costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just and proper.

## Demand for Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail:
labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 29th day of October, 2021.